### IN THE MATTER OF MORRIS BARNETT, AN ATTORNEY AT LAW.

Argued November 18, 1975.—Decided January 6, 1976.

*Mr. William Wright, Jr.* argued the cause for the Union County Ethics Committee.

*Mr. J. Roger Conant* argued the cause for respondent (*Messrs. Conant & McCreedy*, attorneys).

PER CURIAM. This is a disciplinary matter. A complaint was filed with the Union County Ethics Committee by a client charging that respondent had been given $21,900 in trust to be used for the purchase of property by the client, that the purchase could not be consummated, but that respondent had returned only $6,000 of the money and had given the client a promissory note for the balance.

Following a preliminary investigation the Committee presented a statement of additional charges against respondent including a charge that respondent had failed to maintain proper trustee bank accounts and office records as required by *R.* 1:21–6(a) and (b).

At the hearing on the charges, respondent admitted that he had converted to his own use the money entrusted to him by his client and had repaid only $6,000 prior to the filing of the complaint. However, it was shown that during the pendency of the ethics procedings he has paid the client $15,900, the balance of the money owed. Respondent also admitted that he has failed to maintain proper accounts and records as required by *R.* 1:21–6.

The hearing also brought out that respondent had been appointed administrator *c.t.a.* of an estate having substantial assets (Estate of Rubi Lee Dwork), but that he had failed to file an accounting therein. The Committee's preliminary investigation had disclosed that respondent had received this fiduciary appointment in August 1968.

The Committee by its Presentment filed with this Court found that respondent had converted $21,900 in trust funds for his own use in violation of DR1–102(A)(3)(6). Based on an examination of respondent's office records it also found that he had failed to maintain the accounts and records required by *R.* 1:21–6, also a violation of DR9–102 (A). The other charges against respondent were found not to have been sustained. The Presentment made no mention of respondent's failure to file an accounting in the Rubi Lee Dwork Estate.

Accordingly, this 'Court retained the Presentment and remanded the matter to the Committee to investigate respondent's handling of this estate and to obtain from him an explanation regarding his failure to file an account.

We have the Committee's Report and Findings dated September 24, 1975 as to this supplemental question. It shows, *inter alia,* that on January 20, 1975 the Union County Court (Probate Division) had ordered respondent to file his account as administrator *c.t.a.* within 20 days and that he has not complied with such order to date. Respondent's explanation of his failure to file an accounting was that he wasn't "pressed for it."

On November 18, 1975 the entire matter, including the original Presentment, was brought before this Court. On that date respondent advised the Court through counsel that he had filed his accounting as administrator *c.t.a.* the previous day. This, of course, does not excuse his past failure to account nor his failure to comply with the Court order. Moreover, our disposition herein is not to be taken in any way as an approval or verification of the account as filed. That is a matter for the County Court.

We have, therefore, an admitted conversion of substantial trust funds as well as the failure to maintain adequate and proper trust accounts and office records. We also have a situation where respondent was appointed administrator *c.t.a.* of an estate in August 1968 and, although he received substantial estate assets, failed and refused to account until almost the very day he was called on to answer before this Court.

There are some mitigating circumstances. Respondent was admitted to the bar in 1936 and has no previous ethics involvements. He has paid back the $21,900 in trust funds converted by him. He has finally accounted as administrator *c.t.a.* although the adequacy and correctness of that account has not yet been considered by the County Court. As far as the record shows, his books and records are in the same deplorable state as when examined by the Committee.

Respondent has been suspended from the practice of the law since July 2, 1974 pending disposition of the charges against him. We conclude that appropriate discipline is a suspension for a period of three years commencing July 2, 1974 and until the further order of this Court. Should respondent apply for reinstatement he will be required to demonstrate that he has fully satisfied all of his fiduciary obligations and that he can and will establish and maintain adequate business accounts and records as required by *R.* 1:21–6. So ordered.

*For suspension for three years*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*Opposed*—None.

## ORDER

It is Ordered that Morris Barnett of Elizabeth be suspended from the practice of law for three years and until further order of the Court, effective July 2, 1974; and it is further

Ordered that Morris Barnett be and hereby is restrained and enjoined from practicing law during the period of his suspension.